IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CT-03056-M-RJ

| | | |
|---|---|---|
| TAYEVIAN KEARNEY,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER WILLIAMS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

On March 5, 2026, Tayevian Kearney ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 9].

In response to an order of deficiency, Order [D.E. 4], on March 25, 2026, plaintiff filed what the court liberally construes as a motion for leave to file an amended complaint and a proposed amended complaint. See Mot. [D.E. 10].[1] The court summarily GRANTS plaintiff's motions to amend [D.E. 10, 17]. See Fed. R. Civ. P. 15(a)(1).

On March 30, 2026, plaintiff filed what the court liberally construes as a motion for appointment of counsel. Mot. [D.E. 13]; see United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting that courts "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions").

[1] The court construed plaintiff's other March 25, 2026, filing as a new complaint and opened a separate action. See Kearney v. Williams, et al., No. 5:26-ct-03088-BO (E.D.N.C. Mar. 25, 2026), Compl. [D.E. 1]. On August 10, 2026, however, the court concluded this separate action was opened in error, directed the complaint in that action be refiled in this case, and closed that action. See id. Order, [D.E. 13]. The complaint in the now-closed separate action was docketed in as [D.E. 17] in this case. The court liberally construes [D.E. 17] as another motion to amend and proposed amended complaint. These two proposed amended complaints are similar, but not identical. Compare [D.E. 17], and [D.E. 10]. Because both proposed amended complaints were signed and docketed on the same day, and because [D.E. 10] is more descriptive and complete, the court liberally construes [D.E. 10] and its attachment [D.E. 10-1] as the operative amended complaint in this action.

There is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 300 n.2 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (citation omitted). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." Jenkins, 109 F.4th at 247 (cleaned up). If the court answers both questions "affirmatively, the case presents exceptional circumstances." Id.

Succinctly stated, this case does not present exceptional circumstances. Plaintiff's claims are not objectively complex, and he has demonstrated through his filings that he has the capacity to present these claims. Thus, the court DENIES the motion to appoint counsel [D.E. 13].

Pursuant to 28 U.S.C. § 1915A, the court now conducts its initial review of the complaint, as amended, and allows the action to proceed.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Discussion:

Plaintiff generally alleges violations of his Eighth Amendment rights on October 28, 2025, between 3:28 and 3:42 p.m. in the Eastern C.I. Essex Unit and names as defendants Sergeant Williams, Sergeant Carr, Officer Colair, and Captain Artist. See Am. Compl. [D.E. 10] at 2–5.

Although his claims are somewhat scattered, plaintiff alleges, *inter alia*, that: while he was handcuffed, Williams and Carr pulled him out of his cell circa 3:28 p.m., took him near to shower, used force against him – beating him, using a taser on him, and pepper-spraying him – and left

him on the floor for about 25 minutes while he screamed for medical treatment; Artist failed to protect him, doing "nothing but look for about two or three seconds," and then walking away; "they left me screaming and hollering for help at least 20 minutes before a Sgt. come from another unit came to the unit an happen to hear me screaming for medical help because I were sprayed [sic]"; the Sgt. said, "Oh my God, are you ok man? Stay right there[,] ima get you some help [sic]"; Artist and Colair then came into the shower, got him off the floor, took the handcuffs off him, and put him under the hot water; he was bleeding after Colair snatched the taser rods out of his back; the Sergeant that helped him earlier then came back, escorted him to medical, and took pictures of his injuries. See id. at 4–6; Am. Compl. Attach. [D.E. 10-1] at 1–2; see also [D.E. 17].

Plaintiff suffered head, hand/wrist, and back injuries, but he received nothing for his pain. See Am. Compl. [D.E. 10] at 5; Am. Compl. Attach. [D.E. 10-1] at 1–2; see also [D.E. 17].

Plaintiff seeks, *inter alia*, $60 million in damages. Am. Compl. [D.E. 10] at 5

Plaintiff's claims against defendants are not clearly frivolous. See, e.g., Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam); Farmer v. Brennan, 511 U.S. 825, 832 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Whitley v. Albers, 475 U.S. 312, 321 (1986); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Dean v. Jones, 984 F.3d 295, 305 (4th Cir. 2021); Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019); Thompson v. Virginia, 878 F.3d 89, 97 (4th Cir. 2017); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016); Iko v. Shreve, 535 F.3d 225, 240 (4th Cir. 2008); Randall v. Prince George's Cnty., Md., 302 F.3d 188, 204 (4th Cir. 2002).

*Conclusion:*

In sum, the court: GRANTS plaintiff's motions to amend [D.E. 10, 17]; DENIES plaintiff's motion to appoint counsel [D.E. 13]; ALLOWS the amended complaint [D.E. 10, 10-1] to proceed

against the defendants; DIRECTS the clerk to continue management of the action under Standing Order 14-SO-02; and, if service under this standing order fails, further DIRECTS the United States Marshals Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED this 20th day of August, 2026.

Richard E Myers II

RICHARD E. MYERS II
Chief United States District Judge